**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

LENIN ALEXANDER FUNEZ MURILLO,

        Petitioner,

v.                                  Case No. 3:26-cv-65-WWB-MCR

WARDEN, BAKER CORRECTIONAL
INSTITUTION, et al.,

        Respondents.
_____/

## <u>ORDER</u>

Petitioner, an immigration detainee, initiated this action, through counsel, by filing a Petition for Writ of Habeas Corpus. (Doc. 1). Federal Respondents (the Secretary of the Department of Homeland Security ("**DHS**"); Acting Director Todd M. Lyons; the Attorney General; the United States Attorney for the Middle District of Florida; and Immigration and Customs Enforcement ("**ICE**")) filed a Response. (Doc. 13). Respondent Warden Woodall filed a Motion to Dismiss (Doc. 24), arguing he is not a proper respondent in this case. The Court provided Petitioner with an opportunity to reply but he declined to do so.

## I.    BACKGROUND

Petitioner is a citizen of Honduras who entered the United States without inspection on or around August 2012. (Doc. 1 at 2). On October 26, 2025, the St. Johns County Sheriff's Office arrested Petitioner following a traffic stop. (*Id.* at 3). ICE then placed an immigration detainer for Petitioner's arrest. (*Id.*). On November 18, 2025, Petitioner pleaded *nolo contendere* in state court to the charge of dangerous excessive

speeding, possession of cannabis, and driving without a license.  (*Id.*).  The state court sentenced Petitioner on each count to a 24-day term of incarceration, to run concurrently, with 24 days credit for time served.  (*Id.* at 4).  After he completed his state sentence, ICE took custody of Petitioner and has maintained custody since that date without a bond hearing.  (*Id.*).

In his Petition, Petitioner asserts ICE is unlawfully detaining him under 8 U.S.C. § 1225(b)(2)'s mandatory detention, which is violating: (Count One) the Immigration and Nationality Act ("**INA**"); (Count Two) the Due Process Clause of the Fifth Amendment; and (Count Three) the Administrative Procedure Act ("**APA**") by failing to adhere to the declaratory judgment in *Maldonado Bautista v. Santacruz*, --- F. Supp. 3d ---, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), *final judgment entered*, 2025 WL 3713982 (C.D. Cal.). (Doc. 1 at 13–16).  As relief, Petitioner seeks, *inter alia*, immediate release.  (*Id.* at 17).

Federal Respondents argue that the Court lacks jurisdiction to entertain the Petition; Petitioner failed to exhaust his administrative remedies; and in any event, the Petition lacks merit because Petitioner's detention is lawful under § 1225(b)(2) and *Maldonado Bautista* does not apply.  (*See generally* Doc. 13).

II.     **DISCUSSION**

As to Federal Respondents' jurisdictional arguments, the Court has already considered and rejected those same claims.  *See Dos Santos Lopes v. Sec'y, Dep't of Homeland Sec.*, No. 3:25-cv-1522-WWB-LLL, 2026 WL 776158, at *1 (M.D. Fla. Mar. 19, 2026) (finding neither § 1252(g) nor § 1252(b)(9) bars the petitioner's challenge to ICE's decision to treat him as an "applicant for admission" under § 1225(b)).  Also, the Court need not address Federal Respondents' exhaustion argument because the Petition will

2

be denied on the merits. *See Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015) ("[B]ecause exhaustion is non-jurisdictional, even when the defense has been preserved and asserted by the respondent throughout the proceeding, a court may skip over the exhaustion issue if it is easier to deny (not grant, of course, but deny) the petition on the merits without reaching the exhaustion question."). To that end, the Court turns to the merits of Petitioner's claims.

The underlying premise of Petitioner's claims is that he should be classified under 8 U.S.C. § 1226(a) and afforded a bond hearing before an immigration judge rather than being mandatorily detained under 8 U.S.C. § 1225(b)(2).

Section 1225 governs "applicants for admission," which the statute defines as "[a]n alien present in the United States who has not been admitted or who arrives in in the United States (whether or not at a designated port of arrival . . . )." 8 U.S.C. § 1225(a)(1); *see Jennings*, 583 U.S. at 287 (noting that under § 1225, "an alien who arrives in the United States, or is present in this country but has not been admitted, is treated as an applicant for admission (internal quotation marks and citation omitted)). Immigration laws require applicants for admission to be inspected by immigration officers to determine whether they should be admitted into the country. *Jennings*, 583 U.S. at 287. Certain applicants are subject to expedited removal. *See* 8 U.S.C. § 1225(b)(1). But, as relevant here, § 1225(b)(2) "serves as a catchall provision that applies to all applicants for admission not covered by [subsection(b)(1)]." *Jennings*, 583 U.S. at 288. There are no exceptions to permit the government to release aliens under this subsection on bond. *See* 8 U.S.C. § 1225(b)(2).

The INA includes provisions applicable to aliens in general, including those aliens who do not qualify as an "applicant for admission."  *See* 8 U.S.C. § 1226.  Section 1226(a) states: "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."  8 U.S.C. § 1226(a).  The Attorney General "*may* continue to detain the arrested alien" or "*may* release the alien on bond" or "conditional parole."  8 U.S.C. § 1226(a)(1)–(2) (emphasis added).

It is undisputed that Petitioner entered the United States without inspection and has now been residing here for years.  While the Eleventh Circuit has yet to address the issue, other appellate courts have addressed whether noncitizens in similar scenarios properly fall under § 1225 or § 1226.  The Court adopts the plain meaning of the statutes as interpreted by the Fifth and Eighth Circuits.  *See Avila v. Bondi*, --- F.4th ----, No. 25-3248, 2026 WL 819258, at *1–6 (8th Cir. Mar. 25, 2026) (holding that "applicant for admission" in § 1225(a)(1) and "seeking admission" in § 1225(b)(2)(A) are synonymous; thus an "alien present in the United States who has not been admitted" "shall be detained"); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498–508 (5th Cir. 2026) (finding "[p]resence without admission deems the petitioners to be applicants for admission" subject to § 1225's mandatory detention); *but see Castanon-Nava v. DHS*, 161 F.4th 1048, 1062 (7th Cir. 2025) (preliminarily determining the Government was not likely to prevail on its argument).  In sum, because Petitioner entered the United States illegally and has not been admitted, he is an applicant for admission who is properly detained under § 1225(b)(2) as Federal Respondents contend.

4

As to Counts One and Two, Petitioner claims his detention violates his due process rights under the INA and the Fifth Amendment.  (Doc. 1 at 13-15).  But "[d]etention during removal proceedings is a constitutionally permissible part of" the deportation process.  *Demore v. Kim*, 538 U.S. 510, 531 (2003).  Accordingly, the Supreme Court has held that due process does not require a bond determination for a § 1226(c) detention during the entirety of removal proceedings.  *See id.*  If the Fifth Amendment does not require a bond hearing for § 1226 detainees during their mandatory detention, "then the same is true" for § 1225 detainees during theirs.  *Chen v. Almodovar*, No. 25 Civ 9670, 2026 WL 100761, at *14 (S.D.N.Y Jan. 14, 2026).   As such, Petitioner's mandatory detention under § 1225(b)(2) neither violates the INA nor the Fifth Amendment's Due Process Clause.

As to Count Three, Petitioner argues that "[t]he APA prohibits agency action that is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law'"; and Respondents' application and reliance on a policy vacated by the United States District Court for the Central District of California in *Maldonado Bautista* violates the APA because it is arbitrary, capricious, and contradicts the plain language of the INA and precedent in this District.  (Doc. 1 at 15–16).

But the Court finds that the decision in *Maldonado Bautista* is not binding on this Court.  In fact, since the filing of this case, the Ninth Circuit has stayed, pending appeal, the district court's finding that § 1226 governs the detention of class members insofar as its declaratory judgment extends beyond the Central District of California.  *See Bautista v. United States Dep't of Homeland Sec.*, No. 26-1044 (9th Cir.) (Doc. 5).  Likewise, even the *Maldonado Bautista* court acknowledged the limitations of its jurisdiction.  *See Bautista*, 2025 WL 3713987, *29–30 ("The court cannot order nationwide release or bond

hearings for Bond Eligible class members, especially so to those confined outside this judicial district.").  Indeed, absent the application of res judicata or collateral estoppel, a district court is not bound by the judgment of another district court.  *See Stone v. First Union Corp.*, 371 F.3d 1305, 1310 (11th Cir. 2004).  Res judicata applies only when the cases "involve the same parties or their privies."  *See S. River Watershed All., Inc. v. Dekalb Cnty.*, 69 F.4th 809, 815 n.1 (11th Cir. 2023) (quoting *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001)).  As Petitioner was not a party to the *Maldonado Bautista* case, res judicata does not apply.  Moreover, offensive collateral estoppel is not available against the government.  *See Calderon Lopez v. Lyons*, 2025 WL 3683918, at *12–13 (N.D. Tex. Dec. 19, 2025).  As such, Petitioner's APA claim based on *Maldonado Bautista* is without merit.

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DENIED** and this case is **DISMISSED**.

2. Respondent Warden's Motion to Dismiss (Doc. 24) is **DENIED as moot**.

3. The Clerk shall enter judgment denying the Petition, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on April 8, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

6

Jax-7

C:     counsel of record